ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID T. TERRELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-100 |
| | ) | |
| FNU SUMMERS, Nurse, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) the Georgia Department of Corrections ("GDOC"); (2) Brian Owens, Commissioner of the GDOC; (3) Jose Morales, Warden at JSP; (4) Tim Jones, Assistant Warden of Care and Treatment of the Medical

Department at JSP; and (5) FNU Summers, a nurse at JSP. (Doc. no. 1, p. 1.) Plaintiff alleges that on November 18, 2009, he complained to Defendant Summers about chest pain and coughing. (Id. at 6.) According to Plaintiff, Defendant Summers diagnosed him with a common cold and gave him a bottle of Robitussin, but did not check his chest or lungs. (Id.) Plaintiff further alleges that he reported to sick call with the same problems on November 28, 2009, and that Defendant Summers gave him the same diagnosis and treatment. (Id.) Plaintiff states that on December 15, 2009, he again requested to be seen for his chest pain and coughing, following which he was scheduled for an appointment with a physician on January 7, 2010. (Id.)

Following his January 7th appointment, Plaintiff avers that he was taken to Augusta State Medical Prison and put in isolation for roughly a month, during which time tests were performed on his chest and lungs. (Id. at 7.) While Plaintiff does not report the specific results of those tests, he alleges that he has suffered injuries to his heart and lungs as a result of Defendant Summers' inadequate medical treatment. (Id.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendants GDOC, Owens, Morales, and Jones.

First, Plaintiff does not mention these Defendants in his complaint aside from naming them in the caption of the complaint. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of

2

state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of these Defendants and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. On that basis, Defendants GDOC, Owens, Morales, and Jones should be dismissed.

Moreover, Plaintiff's claims against Defendants Owens, Morales, and Jones are also inadequate to the extent that Plaintiff is attempting to hold them responsible for the acts of Defendant Summers, against whom Plaintiff directs allegations of deliberate indifference. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d

3

504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendants Owens, Morales, and Jones is in the caption of Plaintiff's complaint, and nowhere does Plaintiff mention that these Defendants actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the

---

[1]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

4

supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Owens, Morales, and Jones.

In addition, to the extent Plaintiff seeks monetary damages from Defendant GDOC, "the Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*). Simply put, "[t]here can be no doubt [] that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."; Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Stevens, 864 F.2d at 115 (GDOC is barred from suit for money damages by Eleventh Amendment). Thus, the Eleventh Amendment also bars Plaintiff's claim against Defendant GDOC.

In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendants GDOC, Owens, Morales, and Jones.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants GDOC, Owens, Morales, and Jones be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 14 day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Summers based on Plaintiff's Eighth Amendment claim for deliberate indifference to his health.